# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANSOOR AZIZ AHMED,<br><br>Defendant. | Case No. 1:18-CR-00224 JLT SKO<br><br>ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. 62) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANSOOR AZIZ AHMED,<br><br>Defendant. | Case No. 1:21-cr-00052 JLT SKO<br><br>ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 |

Defendant pleaded guilty on May 8, 2019 in Case No. 1:18-cr-00224 JLT SKO to making a materially false statement in a matter within the jurisdiction of the Food and Nutrition Service of the United States Department of Agriculture. (Docs. 1, 15, 17.[1]) He was sentenced on January 30, 2020 to 21 months imprisonment in that case. (Docs. 36, 37.) He failed to surrender for his sentence and was subsequently arrested and then indicted for that failure and for being a felon in

---

[1] Unless otherwise noted, Docket references are to entries in Case No. 1:18-CR-00224 JLT SKO.

1

possession of a firearm. (Case No. 1:21-cr-00052 JLT SKO, Doc. 1.) He was sentenced in the 2021 case to 41 months incarceration. (*Id*., Docs. 27, 28 (Judgment and Commitment entered May 17, 2022).)

On July 7, 2022, Defendant filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, advancing four grounds for relief. (Doc. 62.)[2] Grounds 1 and 3 suggest that his trial Counsel, David Torres, failed to provide him the opportunity to review discovery. (Doc. 62 at 3, 5.) Ground 2 alleges that Attorney Torres provided ineffective assistance of counsel because he failed to argue on Defendant's behalf during the sentencing phase. (*Id*. at 4.) Ground 4 appears to advance a Fourth Amendment challenge to the traffic stop that gave rise to the felon in possession charges in the 2021 case. (*Id*. at 6.) None of these grounds have merit.

To succeed on an ineffective assistance of counsel claim, Defendant must show that his attorney's performance was "deficient" in that it fell "below an objective standard of reasonableness," and then that there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). With its opposition, the government presents a declaration from Attorney Torres, in which Torres indicates that he provided discovery to Defendant and met with him multiple times to discuss that discovery. (Doc. 67-1.) Torres also states (*id*.), and the record confirms (Case No. 21-cr-00052 JLT SKO, Doc. 23), that Torres filed a sentencing memorandum in the 2021 case that included Defendant's own statement to the Court. Defendant did not respond to the government's opposition or Torres' declaration.[3] Given

---

[2] Though the Motion was filed in the 2018 case, the Court agrees with the government (*see* Doc. 67 at 1 n.1) that the Motion should be construed as relating to the 2021 case, in part because the statute of limitations likely would bar a § 2255 Motion directed to the 2018 conviction. The Judgment and Commitment was entered in the 2018 case on January 30, 2020. (Doc. 37.) Defendant did not appeal, so that conviction became final 14 days later. *See United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001) (citing Fed. R. App. P. 4). The applicable one-year statute of limitations, *see* 28 U.S.C. § 2255(f)(1), would therefore have expired in early 2021 as to the 2018 case.

[3] Defendant's original Motion is insufficient to create a dispute on these points, as his assertions therein are entirely conclusory. *See United States v. Taylor*, No. 1:18-CR-00076 JLT BAM, 2022 WL 1665134, at *11 (E.D. Cal. May 25, 2022) ("While conflicting sworn statements from a defendant and his trial attorney ordinarily trigger an evidentiary hearing where the defendant's version of the facts would entitle him to relief, the Ninth Circuit has held that 'merely conclusionary statements in a [section] 2255 motion are not enough to require a hearing.' [*United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).]"). For example, the Motion asserts: "Paid counsel purposely sidestepped multiple requests by movant to view discovery. Discovery was in no way provided. . . . Defense counsel . . . Denied [Defendant] any (frequent) request he made to receive a copy of discovery." (Doc. 62 at 3.) Defendant also asserts generically that he "received no allocution." (*Id*. at 4.)

this record, there is simply no evidence to support a finding that Torres was ineffective. Thus, the Motion is **DENIED** as to Grounds 1, 2, and 3.

Finally, Defendant's Fourth Amendment claim is foreclosed by the plea agreement in the 2021 case, which waived the right to collaterally attack his conviction or sentence. (Case No. 21-cr-00052 JLT SKO, Doc. 15 at 9.) Defendant has presented no argument to suggest why the plea waiver does not bar this claim. The Motion is therefore **DENIED** as to Ground 4.

Having denied the motion on the merits in its entirety, the Court turns to the question of whether a certificate of appealability should issue. A defendant must obtain a certificate of appealability to appeal from the denial or dismissal of a § 2255 motion. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Zuno-Arce*, 339 F.3d 886, 888–89 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Any doubts about whether a petitioner has met this standard must be resolved in his favor. *Silva v. Woodford*, 279 F.3d 825, 833 (9th Cir. 2002) (citing *Slack*, 529 U.S. at 483–84).

Here, as noted, there is no support for Defendant's ineffective assistance of counsel claims and his Fourth Amendment claims are barred by his plea agreement. The Court does not believe these conclusions are debatable and therefore declines to issue a certificate of appealability.

## CONCLUSION AND ORDER

For the reasons set forth above:

(1) Defendant's Motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 62) is **DENIED**.

(2) The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 17, 2024**

UNITED STATES DISTRICT JUDGE

3